UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ABBOTT, *et al.,*<br><br>               Plaintiffs,<br><br>v.<br><br>WEN BY CHAZ DEAN, INC., GUTHY-RENKER, LLC, and GAR LABORATORIES, INC.<br><br>               Defendants. | Case No.: 2:15-cv-01974-ODW(AGR)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR CERTAIN PLAINTIFFS [129]** |

## I. INTRODUCTION

Amy E. Davis and David E. Rosen (collectively, "Counsel"), attorneys of record for the plaintiffs in this mass action move for the Court to permit them to withdraw as Counsel for certain plaintiffs pursuant to Local Rule 83-2.3.2. (*See* Mot. to Withdraw as Counsel ("Mot."), ECF No. 129.) For reasons that follow, Counsel's Motion is **GRANTED**.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Sarah Abbot and approximately 600 other plaintiffs (collectively, "Plaintiffs") are suing Wen by Chaz Dean, Inc., Guthy-Renker Llc., and Gar Laboratories, Inc. (collectively, "Defendants") seeking relief for the alleged harm they suffered in connection with their purchase and use of Defendants' hair products. (*See* Fourth Am. Compl. ("FAC"), ECF No. 136.) Plaintiffs are citizens of several states and foreign countries, and allege that they have suffered damages in excess of $5,000,000 collectively, and in excess of $75,000 individually. (*Id.*)

This case is set for a Bellwether Trial on September 17, 2019. (*See* Order Re: Joint Stipulation to Continue Pretrial and Trial Dates ("Order") 3, ECF No. 130.) However, on August 27, 2018, Counsel sought withdrawal as to thirty-nine of the Plaintiffs named in this action because they have "fail[ed] to communicate and cooperate in the litigation…" (*See* Mot. 1, ECF No. 129.) Subsequently, Counsel withdrew its Motion as to two Plaintiffs named in the Motion. (*See* Notice 1, ECF No. 141.) Accordingly, the Court will only consider the remaining thirty-seven plaintiffs ("Subject Plaintiffs") in deciding whether to permit withdrawal.

## III. LEGAL STANDARD

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 09CV3200 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action" and supported by good cause. C.D. Cal. L.R. 83-2.3.2.

## IV. DISCUSSION

Counsel argue they are unable to carry out their legal duties because the Subject Plaintiffs "failed to maintain regular communication." (*See* Mot. 3, ECF No. 129.)

In determining whether good cause exists for withdrawal, a court may consider:

"(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal–Bay Int'l, Inc.*, No. 06CV1082–WMC, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007).

Here, Counsel provided evidence that the Subject Plaintiffs failed to maintain regular communications, which rendered Counsel unable to prepare timely and adequate discovery responses on their behalf in the lawsuit. (Mot. 3; Decl. of Amy E. Davis ("Davis Decl.") ¶ 4, ECF No. 129.) In line with this assertion, none of the named Plaintiffs have opposed this Motion. Thus, Counsel has sufficiently established reasons for withdrawal.

The first Bellwether Trial is set for September 17, 2019, so ample time exists for the parties to adjust to the withdrawal of counsel. (*See* Order 3, ECF No. 130.) Therefore, permitting Counsel's withdrawal would neither unduly delay the resolution of this action nor prejudice any of the parties.

As to the two remaining factors, the record is bereft of facts indicating that withdrawal will harm the administration of justice. The same is true regarding whether permitting withdrawal will delay the resolution of the case. Thus, the two remaining factors militate in favor of withdrawal, or are at least neutral.

Additionally, the Local Rules of this District require that a withdrawal Motion "be made upon written notice given reasonably in advance to the client and all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2. Counsel sent written notices regarding this Motion to the Subject Plaintiffs via the U.S. Postal Service and email between June 15, 2018 and July 19, 2018. (Davis Decl. ¶ 4, ECF No. 129.).

Accordingly, withdrawal is appropriate because the factor-based approach favors withdrawal, and Counsel sufficiently complied with Local Rules and demonstrated good cause.

## V. CONCLUSION

For the foregoing reasons, Counsel's Motion to withdraw is **GRANTED**.

**IT IS SO ORDERED.**

October 29, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**